IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv60-03-MU

| | |
|---|---|
| DAVID LOUIS MOORE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) **O R D E R**<br>NORA HUNT, Superintendent of Columbus )<br>Correctional Inst., )<br>)<br>Respondent. )<br>_____) | |

**THIS MATTER** comes before the Court on Petitioner's Request for Production of Documents filed on March 16, 2006 (Document No. 10) and Respondent's response to Petitioner's motion (Document No. 9.)

Plaintiff seeks the following:

1) copy of transcript of the complaint made by arresting Asheville City Police Officer to obtain warrentless arrest order, file number 03cr054733;

2) copy of transcript of testimony of arresting Asheville City Police Officer to obtain indictment number 03cr054733 before Buncombe County Grand Jury;

3) copy of any reports or memorandums state prosecutor received from Department of Justice Concerning the historical and statutory effects of North Carolina Session Law C.24§ 14.(B) effective March 26, 1994;

4) copy of an reports or memorandums state prosecutor received from the Department of

1

Justice concerning the landmark decision of Blakely v. Washington and any possible effects this decision might have on North Carolina sentencing laws before or after the decision;

5) the substance of any other relevant written statements made by arresting Asheville City Police Officer concerning Petitioner's arrest or copies thereof.

Generally, habeas petitioners have no right to automatic discovery. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Habeas Rule 6(a) a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-90 (1997) The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and Rule 6 does not "sanction fishing expeditions based on conclusory allegations. Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004).

In the instant motion, Petitioner has not demonstrated that information he seeks is for anything other than a fishing expedition. He has not demonstrated the materiality of the information requested nor has he demonstrated "good cause" to entitle him to the discovery he seeks. Therefore, Petitioner Request for Production of Documents is DENIED.

**SO ORDERED**.

Signed: April 3, 2006

Graham C. Mullen
United States District Judge