UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV60-1-MU

| | |
|---|---|
| DAVID LOUIS MOORE, )<br>a/k/a/ AMOS H. HARRISON )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>NORA HUNT, Superintendent of )<br>Columbus Correctional Inst., )<br>)<br>    Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Document No. 1); Respondent's Answer and Motion for Summary Judgment (Document No. 3); Petitioner's response to Respondent's Motion for Summary Judgment (Document Nos.6, 7 and 8); and Respondent's Response Brief in Opposition to Petitioner's response (Document No. 9.). For the reasons herein, Respondent's Motion for Summary Judgment is granted and Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed.

**1. Procedural History**

A review of the record reveals that on September 10, 2003, Petitioner plead guilty to possession with intent to manufacture, sell or deliver cocaine having achieved the status of habitual felon. Pursuant to the terms of the plea agreement, Petitioner was sentenced to 101-131 months imprisonment.

Petitioner filed a motion for appropriate relief (MAR) on August 10, 2004, which was

1

summarily denied on December 23, 2004. Petitioner filed a certiorari petition in the North Carolina court of Appeals on January 27, 2005 which was denied on February 15, 2005. Petitioner filed the instant motion on March 14, 2005 alleging that law enforcement officers violated his Fourth Amendment rights by entering and arresting him in a friend's home without probable cause to enter and without a search warrant and he was convicted and sentenced in violation of due process .

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely

2

made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

In his petition, Petitioner alleges violations of his Fourth and Fourteenth Amendment rights. Petitioner's claims can be summarized as: (1) a violation of his Fourth Amendment rights when police officers arrested him at the home of a third person without a search warrant; (2) a violation of due process because the evidence used to convict Petitioner was poisonous; (3) a violation of due process since he was precluded from challenging his conviction or sentence pursuant to a written plea agreement; and (4) a Blakely[1] challenge to his sentence. Petitioner also advances, a claim of ineffective assistance of counsel in his response to Respondent's Motion fro Summary Judgment; however, Petitioner failed to raise this claim in his Complaint. In addition, Petitioner's solitary claim of ineffective assistance of counsel is conclusory and unsupported. Petitioner does not argue either prong of the Strickland test; therefore, Petitioner's claim of ineffective assistance of counsel is denied. The Court will consider each of Petitioner's remaining contentions in turn.

**A. Fourth Amendment Claims**

Petitioner contends that police officers violated his Fourth Amendment rights against unreasonable search and seizure when they arrested him at the home of a third-party. Petitioner also advances the following arguments: (1) police did not have probable cause to enter the dwelling of

---

[1] Blakely v. Washington, 542 U.S. 296 (2004).

3

a third-party to arrest Petitioner; (2) police entered the dwelling of a third-party without consent or a search warrant; and (3) that the evidence used to convict Petitioner was fruit of the poisonous search and seizure.[2]

Petitioner states that the police knocked on the door to the third-party's home. Petitioner answered the door. The police asked if Petitioner knew David Louis Moore (Petitioner). Petitioner answered in the negative. Petitioner then states that the police saw a female inside the house, entered the house, and questioned the female. Petitioner states that he did not give the police permission to enter the house. The arrest incident report that Petitioner attached to his Response states that the officer asked the female to get the owner of the house. When the owner of the house arrived, she identified Petitioner as David Louis Moore. The report does not state that the owner of the house asked the police to leave nor does it state that she objected to the police officer's presence in her house. It appears that she cooperated with police in identifying Petitioner.

Stone v. Powell, 428 U.S. 465, 482 (1976), bars a federal court from granting habeas relief on a Fourth Amendment violation if "the State has provided a full and fair litigation" of the claim. First, Petitioner was afforded a full and fair opportunity to go to trial and litigate a Fourth Amendment search and seizure claim. Instead, Petitioner chose to plead guilty and waive his right to litigate this issue. Therefore, federal habeas review of Petitioner's Fourth Amendment claim is barred by Stone v. Powell. Moreover, by entering his knowing, voluntary and counseled guilty plea, Petitioner waived all antecedent, non-jurisdictional claims, including his current Fourth Amendment claims. See Tollett v. Henderson, 411 U.S. 258 (1973) (after guilty plea defendant can raise on

---

[2] These claims are denominated as Grounds One, Two, and Three, respectively, in Petitioner's § 2254 Petition.

federal habeas review only matters relating to voluntariness of the plea and not alleged violations of antecedent constitutional rights ). Therefore, Petitioner's Fourth Amendment claims are waived by his knowing, voluntary and counseled guilty plea.[3]

Furthermore, Petitioner raised the substance of his current Fourth Amendment claim in his MAR. Judge Payne summarily denied the Fourth Amendment claim on the merits stating, "[t]he Defendant contending his arrest was improper and the Court having reviewed the allegations of the Defendant and reviewing the file the court finds those claims to be without merit." (MAR, December 23, 2004). This summary adjudication and denial on the merits is correct. Judge Payne's summary MAR order did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e. Tollett v. Henderson. Nor is Judge Payne's summary MAR order based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. (See copy of printed transcript of plea form attached to respondent's Motion for Summary Judgment.) Therefore, Petitioner's Fourth Amendment claims are denied pursuant to the deferential standards contained in 28 U.S.C. § 2254(d) and (e).

**B. Due Process Violation in Waiver of Right to Appeal.**

Petitioner next asserts a due process violation by the state attorney general's response to Petitioner's certiorari petition seeking review of the denial of his post-conviction MAR. To support this contention Petitioner asserts:

> The Attorney General stated in his response that the Petitioner was barred from challenging the conviction (or) sentence because the Petitioner had pleaded guilty and by doing so

---

[3] Petitioner did not argue in state court, nor does he argue here that his guilty plea was not voluntary.

> waived his constitutional rights. [T]he only constitutional rights waived by the guilty plea are those relating to trial by jury.

(Petition at 6.)

The attorney general's position in its response to Petitioner's certiorari petition, that Petitioner could not appeal his conviction because he had pleaded guilty, was not incorrect. Indeed, "[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." State v. Pimenthal, 568 S.E.2d 867, 869 (N.C. App. 2002). Since Petitioner plead guilty and received a lawful sentence pursuant to the exact terms of his plea bargain, he had no right to appeal from his guilty plea. See N.C.G.S. § 15A-1444(a1) and (a2) (2003). However, even if the attorney general's response to Petitioner's post conviction certiorari petition was incorrect, it does not entitle Petitioner to federal habeas relief. The certiorari petition was filed on post-conviction collateral review seeking review of the denial of the Petitioner's MAR. Alleged errors or deficiencies occurring in state post-conviction proceedings are non-cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 494, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief."); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.) (Claim of error in state post-conviction proceeding cannot support federal habeas relief), cert. denied, 525 U.S. 925 (1998).

**C. Blakely Claim**

Petitioner's final claim is that he was convicted of being a habitual felon even though he did not plead guilty to being a habitual felon and that this enhancement was not submitted to a jury nor proved by a preponderance of the evidence.

Blakely v. Washington, 542 U.S. 296 (2004) extended into the determinate sentencing

6

context, the requirement of Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Blakely also announced that the relevant statutory maximum for Apprendi purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict (other than prior convictions) or admitted by the defendant.

First, Petitioner is mistaken as to what he plead to. Petitioner plead to possession with intent to manufacture, sell or deliver cocaine having achieved the status of habitual felon. (See Transcript of Plea, attached to Respondent's Motion for Summary Judgment.) Next, there could be no possible Blakely problem because Petitioner received a mitigated range sentence of 101-133 months, i.e., a sentence with a minimum term falling within the mitigated range of minimum sentences for Petitioner's Class C felony status at his prior record level VI. (See copy of Judgment and Commitment form and prior record level worksheet.) Further, Judge Guice did not make any findings in aggravation. (See copy of aggravation and mitigation sheets). Instead, Judge Guice found as a factor in mitigation that petitioner accepted responsibility for his criminal conduct. Id. Since Judge Guice did not make any findings of fact increasing Petitioner's sentence beyond that authorized by the guilty plea and expressly called for in the plea bargain, there could be no possible Blakely claim.

Finally, and most importantly, Petitioner argues that he was sentenced in violation of Blakely v. Washington, 542 U.S. 296 (2004), however, Blakely was decided long after Petitioner's

conviction became final in 2003[4] and has not been made retroactive to cases on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Blakely and Booker were not watershed rules warranting retroactive application.) Therefore, Blakely does not apply to Petitioner's case as it is not retroactively applicable to cases on collateral review.

**THEREFORE IT IS HEREBY ORDERED** that

(1) Respondent's Motion for Summary Judgment (Document No. 3) is **GRANTED**; and

(2) Petitioner's § 2254 Motion (Document No. 1) is **DISMISSED**.

**SO ORDERED**.

Signed: August 14, 2007

Graham C. Mullen
United States District Judge

---

[4] Petitioner's case became final for purposes of direct review the day judgment was entered on September 10, 2003. Blakely v. Washington was decided on June 24, 2004.